## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Malawi Communications Regulatory Authority, ) ) ) ) | |
| Petitioner, ) ) | |
| v. ) ) | Civil Action No. _____ |
| Precisely Software Incorporated, ) ) ) | ***Document Filed Electronically*** |
| Respondent. ) ) ) | |

## <u>PETITION TO CONFIRM ARBITRATION AWARD</u>

Malawi Communications Regulatory Authority ("MACRA"), by and through its undersigned counsel, hereby petitions this Court for an order pursuant to the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517 (June 10, 1958) ("New York Convention") and 28 U.S.C. § 1738 registering as a foreign judgment an arbitral award dated May 19, 2023 (Exhibit 7, "Award"), along with the arbitrator's subsequent Ruling on Damages and Costs Post-Final Award dated November 22, 2023, (Exhibit 8, "Damages Award") (collectively, "the Final Award") against Agilis International Inc. ("Agilis"), now known through merger as Precisely Software Incorporated ("Precisely").

The New York Convention requires the "recognition and enforcement of arbitral awards made in the territory of a State other than the State where the

1

recognition and enforcement of such awards are sought[.]"  New York Convention, art. I(1).  The United States is a signatory of the New York Convention, which Congress implemented in Chapter 2 of the Federal Arbitration Act, 9 U.S.C. §§ 201–208.  So too is the Republic of Malawi.  Therefore, 9 U.S.C. § 207 and 28 U.S.C. § 1738 require that the Final Award be registered as a foreign judgment and granted full faith and credit in this district.

In support of its Petition, MACRA further alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      "The district courts of the United States (including the courts enumerated in section 460 of title 28 [28 USCS § 460]) shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy."  9 U.S.C. § 203.

2.      MACRA is a Malawian regulatory authority established under the 2016 Communications Act with a principal place of business at Salmin Armour Road, Private Bag 261, Blantyre, Malawi.   MACRA is a statutory regulator of telecommunications services in Malawi.

3.      Agilis was a Delaware corporation with a place of business at 1 Research Court, Suite 370, Rockville, MD 20850.

4.      Agilis has since merged into Precisely, transferring all legal liabilities from Agilis to Precisely.

5.     Precisely is a company that serves "over 12,000 organizations in more than 100 countries – including 93 of the Fortune 100" with "software, data, and strategy services to power their AI, automation, and analytics initiatives."[1]

6.     Precisely is incorporated in New Jersey with a principal place of business in Massachusetts.

7.     The Court has jurisdiction over this matter pursuant to 9 U.S.C. § 203, which states that "[t]he district courts of the United States . . . shall have original jurisdiction" over actions falling under the New York Convention.

8.     Venue in this district is proper under 28 U.S.C. § 1391(b)(1) and 9 U.S.C. § 204 because the Court has personal jurisdiction over Precisely, which is incorporated in the state of New Jersey. *See also* 28 U.S.C. § 1391(c)(2).

## THE NEW YORK CONVENTION

9.     The New York Convention is a multilateral treaty that governs signatory states' "recognition and enforcement of arbitral awards made in the territory of a State other than the State where the recognition and enforcement of such awards are sought[.]" New York Convention, art. I(1). Under Article III of the New York Convention, "[e]ach Contracting State shall recognize arbitral awards [rendered in other Contracting States] as binding and enforce them in accordance

---

[1] https://www.precisely.com/about-us

3

with the rules of procedure of the territory where the award is relied upon." *Id.*, art.
III.

10.    The United States has been a signatory of the New York Convention
since 1970.  Congress implemented the New York Convention in Chapter 2 of the
Federal Arbitration Act.  *See* 9 U.S.C. §§ 201-208.

11.    Malawi has been a signatory of the New York Convention since 2021.

12.    The Final Award was rendered in Malawi under Malawian law.  As
such, this Court exercises secondary jurisdiction over the award, which limits these
proceedings to the sole question of whether the Court should recognize and enforce
the Award pursuant to the New York Convention, thereby reducing the Award to a
judgment.  This is a narrow question, only susceptible to the narrow defenses laid
out in Article V of the New York Convention.

## THE UNDERLYING DISPUTE

13.    On June 14, 2010, MACRA entered into a Master Services Agreement
with Agilis for Agilis to supply a telecommunications monitoring system known as
a Consolidated ICT Regulatory Management System ("CIRMS") to help MACRA's
regulation of Malawi's telecommunications industry.  Ex. 1, 2010 MSA (originally
dated May 21, 2010 but amended to June 14, 2010); Ex. 7, Award ¶¶ 6, 9.[2]

---

[2] All citations to "Ex." reference those exhibits attached to the Declaration of Thoko
Chimbe, filed in support of this Petition.

14.    By 2015, the CIRMS faced technical challenges, leading MACRA and Agilis to enter into an amended agreement on March 13, 2015, including two addenda dated March 29, 2018 and April 4, 2018 respectively (collectively, the "Amended Agreement").  *See* Ex. 2, Amended Agreement; Ex. 3, March 29, 2018 Addendum; Ex. 4, April 4, 2018 Addendum.

15.    The parties also entered into a February 16, 2018 Software Support Agreement to implement the Amended Agreement.  *See* Ex. 5.

16.    Despite MACRA's payment of US$ 22.96 million, Agilis failed to deliver a fully functional CIRMS.

17.    In an April 5, 2021, letter to MACRA, Agilis acknowledged that it did not meet its contractual obligations despite MACRA having "fulfilled its financial obligations."  Ex. 7, Award ¶¶ 22, 24–25.  It then offered to make several efforts to make the CIRMS functional for an additional US$1.4 million.  *Id.* ¶¶ 29–30.

18.    MACRA rejected Agilis's demand for additional sums to make the CIRMS function in line with the parties' standing agreement.  A dispute thus arose between the parties as MACRA held the view that failure to implement the CIRMS was squarely due to Agilis's breach of the contract.

19.    The Amended Agreement has a dispute settlement clause.  Under Section 8.7, the parties must first negotiate any dispute.  *See* Ex. 2, Amended Agreement § 8.7(a).  If the parties cannot resolve the dispute within 14 days by way

of negotiating, either party may refer the dispute to a mediator. If the parties cannot resolve the dispute through mediation, the Amended Agreement requires arbitration.

20.    In accordance with the Amended Agreement's terms, MACRA attempted to resolve its dispute with Agilis through negotiations.

21.    After negotiations failed, MACRA attempted to mediate the dispute with Agilis. Initially, Agilis agreed to the mediation process and appointed the Malawi law firm of Likongwe & Co to represent it. After a brief appearance, Likongwe & Co ceased their representation stating that their client had become nonresponsive. From then onwards, Agilis refused to participate any further in the mediation process. *See* Ex. 6, Preliminary Hearing Order ¶ 1.3; Ex. 7, Award ¶ 13. The mediation was thereafter terminated.

## THE ARBITRATION AND THE AWARD

22.    After attempting negotiations and mediation, MACRA turned to the next step of the Amended Agreement's dispute resolution process: arbitration.

23.    Under Section 8.7(c) of the Amended Agreement, the parties may appoint a single arbitrator to preside over the dispute or, barring an agreement, defer appointment of the arbitrator to the President of the Malawi Law Society.

24.    Due to Agilis's refusal to participate, no agreement on appointing an arbitrator could be reached among the parties. As such, pursuant to Section 8.7(c),

an arbitrator, Mr. Patrice Nkhono, Senior Counsel, was appointed by the President (Chairman) of the Malawi Law Society on July 21, 2022.

25.    In an October 5, 2022, order after a preliminary hearing ("Preliminary Hearing Order"), the arbitrator acknowledged Agilis's non-responsiveness but ultimately found that MACRA provided adequate notice under Malawian law, allowing the arbitration to proceed.  *See* Ex. 6, Preliminary Hearing Order.

26.    First, the arbitrator emailed Agilis directly in order to schedule a preliminary hearing, emailing rbennett@agilissa.com—the same email address used by Rawlvan Bennett, CEO and Managing Director of Agilis International, SA.  *See* Ex. 6, Preliminary Hearing Order ¶ 2.1.  Mr. Bennett previously used this email address during his short participation in the preceding mediation.

27.    Next, the arbitrator directed MACRA to provide Agilis notice of a preliminary hearing for the arbitration.  *Id.* ¶ 2.3.  MACRA sent notice of the preliminary hearing to Agilis by way of courier.  *Id.* ¶ 2.4.

28.    Satisfied that Agilis received the notice pursuant to the terms of the Amended Agreement and purposefully ignored the arbitration, the arbitrator directed that the proceedings should resume.  The preliminary hearing was therefore held. *Id.* ¶ 2.5.  Despite Agilis's refusal to participate, the arbitrator made clear in the Preliminary Hearing Order that Agilis's refusal to attend the preliminary hearing did "not take away [Agilis's] right to fully take part in [the] arbitration."  *See id.* ¶¶ 2.6,

7

2.7.  The Preliminary Hearing Order set the arbitration's schedule and procedural rules and allowed the proceedings to commence.  The arbitration hearing did not take place until the arbitrator was satisfied that "the notice of hearing, the trial bundle and relevant documents had duly been brought to the defendant's attention."  Ex. 7, Award ¶ 5.

29.    In the arbitration, MACRA presented two issues: (1) whether Agilis breached the Amended Agreement and, if such a breach occurred, (2) what remedies may MACRA seek resulting from the breach.  *Id.* ¶¶ 15–16.

30.    After a hearing held on March 7, 2023, the arbitrator issued the Award on liability on May 19, 2023, finding Agilis liable for breach of contract but rejecting MACRA's initial calculation of damages.  *Id.* ¶¶ 34–35, 36–49.

31.    After rendering the Award, a hearing on the correct measurement of damages with respect to MACRA's breach of contract claim was held between August 29, 2023, and October 5, 2023.  Agilis again refused to attend the proceedings.

32.    In a November 22, 2023, ruling, the arbitrator recognized that MACRA claimed US$22,961,719, as well as "compound interest thereon at 10% above National Bank of Malawi base lending rate from the date of expiry of the contract to date of payment, damages for breach of contract and for costs."  Ex. 8, Damages Award ¶ 1.

33.    The arbitrator rejected MACRA's initial calculation and awarded MACRA US$7,803,208 as damages for Agilis's breach of contract. *Id.* ¶¶ 5–7.

34.    The arbitrator further awarded MACRA compound interest at 10% above the National Bank of Malawi base lending rate using "the US Dollar sum at interest rates applicable on US Dollar loans available from the banks in Malawi," amounting to US$773,849.30.  Together, the arbitrator awarded a "total sum of US$8,577,057.30 . . . for breach of contract together with interest thereon as pleaded by the claimant in its statement of case." *Id.* ¶ 8.

35.    In addition to the damages for breach of contract, the arbitrator further ordered costs of the arbitration in favor of MACRA totaling K45,924,905, which amounts to approximately US$ 26,495.31 as of the date of this filing.

## COUNT ONE

## For Confirmation of the Award Pursuant to 9 U.S.C. § 207

36.    Plaintiff MACRA restates and reincorporates all of the foregoing paragraphs of this Petition as though fully set forth herein.

37.    The New York Convention is incorporated into Chapter 2 of the Federal Arbitration Act.  *See* 9 U.S.C. § 201 ("The Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, shall be enforced in United States courts in accordance with this chapter.").

38.     The Final Award was rendered by an arbitrator in Malawi against Agilis pursuant to a commercial agreement between Agilis, a United States corporation, and MACRA, a Malawian regulatory authority.  *See* Exs. 2, 7, 8.

39.     Malawi and the United States are signatories to the New York Convention.

40.     The New York Convention therefore governs this proceeding to confirm the Final Award.  *See* 9 U.S.C. § 202.

41.      Agilis has since merged with Precisely, transferring the liability of the Final Award from Agilis to Precisely.

42.     Article III of the New York Convention requires Contracting States to "recognize arbitral awards as binding and enforce them in accordance with the rules of procedure of the territory where the award is relied upon."  New York Convention, art. III.

43.     MACRA may apply to the Court "for an order confirming the award as against any other party to the arbitration."  9 U.S.C. § 207.

44.     For all these reasons, the Court should confirm, recognize, and enforce the pecuniary obligations of the Final Award.

## **PRAYER FOR RELIEF**

WHEREFORE, MACRA respectfully requests that the Final Award be confirmed and registered in this Court and that such judgment be made a final judgment of this Court in favor of MACRA and against Precisely as follows:

A. Ordering Precisely to pay to MACRA an amount equal to the pecuniary obligations of the Final Award, which includes:

    1. US$7,803,208;

    2. Interest in the amount of US$773,849.30, which was calculated at rates applicable on US Dollar loans available from the banks in Malawi;

    3. K45,924,905 (currently valued at approximately US$ 26,495.31 at the time of this filing);

    4. Further interest up to the date of this Court's judgment calculated either at:

        i. The rates applicable on US Dollar loans available from the banks in Malawi on the principle US$7,803,208 or, in the alternative,

        ii. at the rate of five per centum per annum pursuant to the Malawi Arbitration Act and the Malawi Courts Act on the

entire amount listed in the award (US$8,577,057.30 + K45,924,905); and

B. Post-judgment interest from the date the Court's judgment is entered to the date of satisfaction;

C. Attorneys' fees and costs; and

D. Granting such other and further relief against Precisely as the Court may deem just and proper.

Date: February 28, 2025                    Respectfully submitted,

*/s/* Steven L. Penaro
Steven L. Penaro (30182009)
Alston & Bird LLP
90 Park Avenue
New York, NY 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444
steven.penaro@alston.com

Robert H. Poole (pro hac forthcoming)
Alston & Bird LLP
1201 W Peachtree St NE #4900
Atlanta, GA 30309
Telephone: (404) 881-4547
Facsimile: (404) 881-7777
robert.poole@alston.com

*Counsel for Malawi Communications*
*Regulatory Authority*

## <u>VERIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2</u>

Pursuant to Local Civil Rule 11.2 and 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the facts and information provided in the foregoing Petition are true and correct.  I further declare that I am authorized to make this verification and the attached declaration on behalf of Petitioner Malawi Communications Regulatory Authority.

Executed on February 28, 2025

Thokozani Chimbe

## <u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2</u>

Pursuant to Local Civil Rule 11.2 and 28 U.S.C. § 1746, I hereby certify, under penalty of perjury under the laws of the United States of America, to the best of my knowledge, information, and belief, that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Executed on February 28, 2025

Thokozani Chimbe