**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MALAWI COMMUNICATIONS REGULATORY AUTHORITY,<br><br>Petitioner,<br><br>v.<br><br>PRECISELY SOFTWARE INCORPORATED,<br><br>Respondent. | Civil Action No. 25-01574 (GC) (JBD)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon Petitioner Malawi Communications Regulatory Authority's Petition to Confirm Arbitration Award against Respondent Precisely Software Incorporated. (ECF No. 1.) Respondent opposed, (ECF No. 19), Petitioner responded, (ECF No. 25), and Respondent replied, (ECF No. 28). The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure (Rule) 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, the Petition is **DENIED**.

## I. BACKGROUND[1]

Petitioner is Malawian telecommunications regulatory authority with its principal place of business in Malawi, Africa. (ECF No. 1 ¶ 2; ECF No. 19 at 9-10.)[2] Respondent is a company providing "software, data, and strategy services" that is incorporated in New Jersey with its principal place of business in Massachusetts. (ECF No. 1 ¶¶ 5-6; *see also* ECF No. 19 at 10.)

This dispute arose in Malawi. On June 14, 2010, Petitioner entered into a Master Services Agreement (MSA), in which Respondent agreed to supply a telecommunications monitoring system to help Petitioner regulate Malawi's telecommunications industry.[3] (ECF No. 1 ¶ 13; ECF No. 19 at 10; ECF No. 2 at 2-11 (MSA).) The monitoring system faced technical challenges, which led Petitioner and Respondent to enter into an Amended Agreement in 2015 and another agreement

---

1 "The [c]ourt resolves a motion to confirm or vacate an arbitration award under the FAA through summary proceedings," which are "not intended to involve complex factual determinations." *Laundry, Distribution & Food Serv. Joint Bd., Workers United v. Wacoal Am., Inc.*, Civ. No. 25-11806, 2026 WL 622383, at *4 (D.N.J. Mar. 5, 2026). As such, district courts "may treat a petition to confirm or vacate an arbitration award as a motion for summary judgment." *Troeller v. Alladeen*, Civ. No. 07-0965, 2007 WL 2816197, at *3 (E.D.N.Y. Sept. 27, 2007); *accord Intellisystem, LLC v. McHenry*, Civ. No. 19-1359, 2019 WL 2715373, at *2 (E.D. Pa. June 26, 2019) ("Since a petition to confirm contains a record from the underlying arbitration proceeding, courts should treat an unanswered petition to confirm as an unopposed motion for summary judgment."). In the context of foreign arbitration awards, the Third Circuit Court of Appeals has held that "[a]t bottom, a district court must determine the merits of a confirmation petition on the record before it, and its review is not necessarily limited to factual allegations in the petition itself." *Jiangsu Beier Decoration Materials Co. v. Angle World LLC*, 52 F.4th 554, 560 (3d Cir. 2022). As such, the Court derives the facts in this action from the Petition, (ECF No. 1), Respondent's Opposition (ECF No. 19), and Petitioner's Response (ECF No. 25). Unless otherwise noted, the relevant facts are undisputed or supported by record evidence.

2 Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

3 Petitioner originally entered into the MSA with Agilis, a Delaware corporation. (*See* ECF No. 2.) However, "Agilis has since merged into [Respondent], transferring all legal liabilities from Agilis to [Respondent]." (ECF No. 1 ¶ 4; ECF No. 19 at 10.) As such, the Court will refer to all actions by Agilis and successor entities as performed by Respondent.

in 2018 to implement the Amended Agreement.[4] (ECF No. 1 ¶¶ 14-15; *see also* ECF No. 19 at 11; ECF No. 2-1 (Amended Agreement).) The agreements were all signed by Rawlvan Bennett, whom Respondent contends was no longer an employee or officer after March 21, 2021. (ECF No. 19 at 11.) Respondent also notes that the agreements identified its address as 1 Research Court, Suite 370, Rockville, MD 20850, and included provisions requiring notice be delivered in person, via international express courier service, or by registered or certified mail with return receipt requested. (*Id.* at 11-12.)

The Amended Agreement also included a dispute settlement clause, which first required the parties to negotiate a resolution. (ECF No. 1 ¶ 19; *see also* ECF No. 19 at 13.) If the dispute was not resolved within 14 days the Amended Agreement then provided for mediation, and then arbitration if mediation was unsuccessful. (ECF No. 1 ¶ 19; *see also* ECF No. 19 at 13.) The arbitration would take place in Malawi, be governed by the Malawi Arbitration Act, and apply Malawian law. (ECF No. 19 at 13; Amended Agreement § 8.7.)

Petitioner contends that Respondent never supplied a functional system, and represents that Respondent acknowledged in 2021 that it had not met its contractual obligations. (ECF No. 1 ¶¶ 16-17.) Petitioner alleges that Respondent sought additional payment to remedy the system, which Petitioner would not provide. (*Id.* ¶¶ 17-18.) Petitioner attempted to resolve the dispute through negotiations, which failed, and then attempted a mediation. (*Id.* ¶¶ 20-21.) Petitioner represents that Respondent initially agreed to mediation but ultimately did not participate.

---

[4] Respondent disputes Petitioner's assertion that the Amended Agreement actually amended the MSA. (ECF No. 19 at 11 n.1.) However, the Court need not address this dispute as the MSA and Amended Agreement contain nearly identical provisions relevant to this dispute which the parties do not dispute, (*compare* MSA § 7.4 (notice provision), *with* ECF No. 2-1 §§ 8.10, 8.14 (notice provisions)), nor do the parties challenge that they were required to engage in the dispute process outlined in the Amended Agreement, (ECF No. 2-1 § 8.7).

(*Id.* ¶ 21.) Respondent asserts that Petitioner attempted mediation by contacting Bennett via email in "late 2021 or early 2022," (ECF No. 19 at 18), but Bennett was not an employee, officer, or director of Respondent at that time, (*id.* at 11).

Petitioner next proceeded to arbitration in 2022, seeking approximately $22,000,000 in damages from Respondent. (*See* ECF No. 1 ¶¶ 22, 32; *see also* ECF No. 19 at 18-19.) Petitioner represents that Respondent refused to participate in the arbitration or agree on the appointment of an arbitrator, so an arbitrator was appointed by the President of the Malawi Law Society. (ECF No. 1 ¶ 24.) Respondent contends that "[Petitioner's] only attempt to notify [it] of the arbitration and selection of the arbitrator was to email Mr. Bennett, who had by this time ceased all communications with [Petitioner]." (ECF No. 19 at 19.) Petitioner represents that the arbitrator emailed Bennett as Respondent's representative to schedule a preliminary hearing. (ECF No. 1 ¶ 26.) Respondent contends that the lack of response from Bennett led the arbitrator to adjourn the hearing until he could be satisfied that Respondent had received notice. (ECF No. 19 at 20.) It is undisputed that the arbitrator directed Petitioner to deliver notice of the preliminary hearing to Respondent via courier. (*Id.*; ECF No. 1 ¶ 27.)

Petitioner represents that it did send notice of the preliminary hearing to Respondent by courier. (*Id.* ¶ 27.) But Respondent alleges that at the preliminary hearing on September 19, 2022, Petitioner stated that it attempted to deliver notice to Respondent's address in Rockville, Maryland, but that delivery was not accepted. (ECF No. 19 at 20.) Respondent contends that Petitioner's affidavit regarding the delivery attempt and the receipt of registered mail from DHL shows that delivery was not made to the correct address in Rockville, Maryland. (*Id.* at 21-22.) However, the arbitrator was satisfied by the notice, and the hearing proceeded. (*Id.* at 20-21, 23; ECF No. 1 ¶¶ 25, 28.) In the resulting Preliminary Hearing Order, the arbitrator stated that "[Respondent's]

refusal to attend the preliminary hearing did 'not take away [Respondent's] right to fully take part in [the] arbitration.''" (ECF No. 1 ¶ 28 (third alteration in original).) Respondent contends that the arbitrator ordered notice to continue through Bennett's email address. (ECF No. 19 at 23.)

The arbitration proceeded to consider whether Respondent breached the parties' Amended Agreement and what remedies Petitioner could seek. (ECF No. 1 ¶ 29.) Respondent contends that Petitioner continued sending deficient notices to Respondent. (ECF No. 19 at 24-28.) Ultimately an evidentiary hearing was held on March 7, 2023, and the arbitrator then issued an Award finding Respondent liable for breach of contract. (ECF No. 1 ¶ 30; ECF No. 19 at 28.) To determine damages, the arbitrator held another hearing, which Petitioner represents Respondent refused to attend, (ECF No. 1 ¶ 31), and which Respondent contends it never received notice of, (ECF No. 19 at 29-30). On November 22, 2023, the arbitrator awarded Petitioner $8,577,057.30 in damages and interest as well as $26,495.31 in costs of the arbitration. (ECF No. 1 ¶¶ 34-35; ECF No. 19 at 30.) On February 28, 2025, Petitioner commenced this action with a Petition to Confirm the Arbitration Award in this Court.[5] (ECF No. 1.)

## II. <u>LEGAL STANDARD</u>

"The New York Convention, as implemented by Chapter 2 of the Federal Arbitration Act ('FAA'), permits the recipient of a foreign arbitration award to petition a district court to enforce it." *Jiangsu Beier Decoration Materials Co. v. Angle World LLC*, 52 F.4th 554, 559 (3d Cir. 2022) (citing N.Y. Convention, art. I; 9 U.S.C. §§ 203, 207). "Under the Convention, a district court's role is limited," once such a petition has been made. *Calbex Min. Ltd. v. ACC Res. Co., L.P.*, 90 F. Supp. 3d 442, 457 (W.D. Pa. 2015) (quoting *Admart AG v. Stephen & Mary Birch Found., Inc.*, 457 F.3d 302, 307-11 (3d Cir. 2006)). The FAA provides that "[t]he court *shall* confirm the award

---

5 This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 9 U.S.C. § 203.

unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207 (emphasis added). "The party seeking enforcement of the award bears the initial burden to provide the award and the underlying agreement, at which point the burden shifts to the party opposing confirmation to prove one of the [] applicable defenses."[6] *Simplot India LLC v. Himalaya Food Int'l Ltd.*, Civ. No. 23-1612, 2024 WL 1136791, at *3 (D.N.J. Mar. 15, 2024). The Convention imposes "strong public policy in favor of international arbitration and the party seeking to avoid summary confirmance of an arbitral award has the heavy burden of proving that one of the seven defenses of the New York Convention applies." *Calbex*, 90 F. Supp. 3d at 457 (citation modified).

As is relevant to the present matter, Article V of the Convention provides that recognition and enforcement of a foreign arbitration award may be refused if "[t]he party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case." N.Y. Convention, art. V(1)(b). Courts strictly apply Article V defenses and construe them narrowly. *Calbex*, 90 F. Supp. 3d at 458 (quoting *Admart*, 457 F.3d at 308); *accord Shenzhen Goldely Garments Imp. & Exp. Inc. v. Point Collection LLC*, Civ. No. 25-6313, 2025 WL 3033920, at *2 (D.N.J. Oct. 29, 2025).

## III. <u>DISCUSSION</u>

Petitioner requests that this Court confirm and enforce the arbitration award pursuant to the New York Convention. (ECF Nos. 1, 25.) Respondent argues that this Petition must be denied both because: (1) it was never given proper notice of the proceedings, and (2) it was deprived of the opportunity to present its case. (ECF No. 19 at 9, 30-44 (citing N.Y. Convention, art. V(1)(b).)

---

[6] Respondent does not challenge Petitioner's provision of the awards, (ECF No. 1-9 (Award); ECF No. 1-10 (Damages Award)), and underlying agreements at issue (ECF Nos. 2, 2-1, 2-2, 2-3, 2-4).

Article V(1)(b) "corresponds to the due process defense that a party was not given the opportunity to be heard at a meaningful time and in a meaningful manner." *Calbex*, 90 F. Supp. 3d at 458 (citation modified); *accord Air Canada Inc. v. Bolivarian Republic of Venezuela*, Civ. No. 24-2249, 2026 WL 2364365, at *7 (D.D.C. Aug. 14, 2026); *Weihai Textile Grp. Imp. & Exp. Co. v. Eruption Holdings, Inc.*, Civ. No. 21-147, 2022 WL 18141749, at *7-8 (D. Wyo. Mar. 4, 2022). "To comport with due process parties to an arbitration must be given 'notice reasonably calculated' to inform them of the proceedings and 'an opportunity to be heard.'" *Calbex*, 90 F. Supp. 3d at 459 (quoting *Jiangsu Changlong Chemicals, Co. v. Burlington Bio-Med. & Scientific Corp.,* 399 F.Supp.2d 165, 168 (E.D.N.Y. 2005)).

The parties do not dispute that United States law and standards for due process apply here.[7] (ECF No. 19 at 34; ECF No. 25 at 23.) *Gold Rsrv. Inc. v. Bolivarian Republic of Venezuela*, 146 F. Supp. 3d 112, 127 (D.D.C. 2015) ("[T]he due-process standard applied in determining whether to enforce an award in a forum state—here, the United States—is that forum state's law."); *Biotronik Mess-Und Therapiegeraete GmbH & Co. v. Medford Med. Instrument Co.*, 415 F. Supp. 133, 140 (D.N.J. 1976) (finding that the respondent's "due process rights under American law were not infringed under the facts of this case" when considering the respondent's Article V(1)(b) defense). The parties also agree that due process does not require *actual* notice but rather "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Jones v. Flowers*, 547 U.S. 220, 226 (2006) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). (ECF No. 19 at 35; ECF No. 25 at 23.) However, the parties dispute whether Petitioner's attempts

[7] To support their positions regarding notice, both parties also present arguments citing Malawian law, (ECF No. 19 at 34 n.15, 43-44 & n.18; ECF No. 25 at 34-35 & n.11), which this Court need not consider as it finds that the law of the United States applies.

at notice were "proper notice" under the Convention and comport with due process. (ECF No. 19 at 30; ECF No. 25 at 23.)

Courts that have considered whether notice was "proper" under Article V(1)(b) have turned to the methods of notice agreed upon by the parties in any underlying contracts. *See, e.g.*, *Tianjin Port Free Trade Zone Int'l Trade Serv. Co. v. Tiancheng Chempharm, Inc. USA*, Civ. No. 17-4130, 2018 WL 2436990, at *4 (E.D.N.Y. May 30, 2018), *aff'd,* 771 F. App'x 36 (2d Cir. 2019) (considering the address provided in the contract when evaluating notice); *Qingdao Free Trade Zone Genius Int'l Trading Co. v. P & S Int'l, Inc.*, Civ. No. 08-1292, 2009 WL 2997184, at *4 (D. Or. Sept. 16, 2009) (considering contract terms regarding language of notice); *see also Jiangsu Beier Decoration Materials Co.*, 52 F.4th at 561-62 (noting that courts apply "background principles of . . . contract law, to the extent those principles do not conflict with the New York Convention" (citation modified)); Restatement (Third) U.S. Law of Int'l Comm. Arb. § 4.11 reporter's note d (2024) ("The parties' arbitration agreement displaces national rules for service, and therefore those rules cannot be invoked as evidence of a procedural defect.").

The agreements at issue in this case specifically address the "notice required or permitted to be given hereunder." (MSA § 7.4.) Both the MSA and Amended Agreement identify Respondent's address as 1 Research Court, Suite 370, Rockville, MD 20850, (MSA at 1; Amended Agreement at 1), and require notice to be sent to that address "in person or via established international express courier service, by registered or certified mail, postage prepaid, return receipt requested, to the other party at their respective designated addresses as set out below, or such other address as may be designated by any of the other parties through written notice," (MSA § 7.4; Amended Agreement §§ 8.10, 8.14; *see also* ECF No. 2-4 §§ 10.1-10.3 (2018 agreement containing same notice requirements)). The "Software License Agreement" attached to the MSA,

(ECF No. 2 at 12-18 (SLA)), also specifies that notice must be "(a) delivered in person, (b) sent by registered mail, return receipt requested, or (c) sent by overnight air courier" to the Suite 370 address, (SLA. § 13).

Petitioner made several different notice attempts, which it contends were all proper under the agreements. The Court will assess each attempt, in turn.

**A. Notice of Initiation of Arbitration and Preliminary Hearing**

It is undisputed that Petitioner first notified Respondent of the initiation of arbitration by emailing Bennett. (ECF No. 19 at 19; ECF No. 25 at 18.) Bennett's email address was also copied on all emails between Petitioner and the arbitrator during the pendency of the arbitration. (ECF No. 25-1 ¶ 15.) Petitioner emphasizes that this was "proper notice" as it received "no indication that those emails went undelivered," it had previously emailed with Bennett regarding the mediation attempt, and service through email can satisfy due process in general. (ECF No. 25 at 25-27.)

Petitioner cites to an Eleventh Circuit case in support. (ECF No. 25 at 29-30 (citing *Guarino v. Productos Roche S.A.*, 839 F. App'x 334, 340 (11th Cir. 2020)).) There, the court found notice was proper considering *all* the petitioner's efforts to give notice. 839 F. App'x at 339-40. Those efforts included not only emails to addresses on file for the respondents but also mailing notice to addresses listed on the purchase agreement—mail for which petitioner received confirmation of delivery—and publication of notice of the arbitration in a newspaper in the respondents' country. *Id.* The efforts in *Guarino* are far more than those Petitioner took in this case. Moreover, notice by email is not an agreed form of notice set forth in the parties' contract and thus cannot constitute "proper notice" in this case. *See Innovative Masonry, LLC v. New Jersey Bldg. Laborers Statewide Benefit Funds*, Civ. No. 12-317, 2012 WL 13034314, at *3 (D.N.J. Mar. 21, 2012) (enforcing notice in accordance with the terms of an arbitration agreement as "the parties

are deemed to have bargained for the terms of the agreement"); *Qingdao Free Trade Zone Genius Int'l Trading Co.*, 2009 WL 2997184, at *4 (holding the respondent did not receive proper notice under Article V(1)(b) where notice documents were in Chinese but the parties' contract did not agree to service of process in Chinese).

It is undisputed that the arbitrator also emailed Bennett to schedule a preliminary hearing, but after he received no response, he adjourned the hearing and directed Petitioner to deliver notice of the preliminary hearing to Respondent via courier. (ECF No. 1 ¶¶ 26-27; ECF No. 19 at 20.) Petitioner's employee states via affidavit that on August 28, 2022, they sent a notice of the preliminary hearing via DHL to "One Research Court, Suite 450, Rockville, MD 20850." (ECF No. 19-27 ¶ 3.) Attached to the affidavit are emails in which the employee communicated the Suite 450 address to DHL, (ECF No. 25-29 at 7-8). Petitioner represents that it used the "One Research Court, Suite 450" address because it was listed on prior invoices and used in the parties' mediation. (ECF No. 25 at 19, 27.) However, the receipt from DHL lists the delivery address as "Suite 450 1700 Rockville Pike" in Rockville, MD, not One Research Court, Suite 450. (ECF No. 19-27 at 4). On September 14, 2022, Petitioner received notice from DHL that delivery failed "because the receiver refused to accept it" and the package was destroyed on Petitioner's request. (ECF No. 19-27 ¶¶ 4-5; *id.* at 6-7 (emails between DHL and Petitioner).)

Additionally, the One Research Court, Suite 450 address is not the address provided in the MSA and Amended Agreement; the agreements list Respondent's address as "1 Research Court, *Suite 370*, Rockville, MD 20850," not Suite 450. (MSA at 1 (emphasis added); *id.* § 7.4; Amended Agreement at 1; *id.* §§ 8.10, 8.14.) The record before the Court does not indicate that Respondent agreed that Suite 450 was a proper address at which notice could be given. (MSA § 7.4; SLA § 13 ("Either party may change its address for notice by written notice to the other party."); Amended

Agreement § 8.10 (providing notice may be given at "such other address as may be designated by any of the other parties through written notice"); *id.* § 8.14 ("Any party may change its address for [notice] by giving notice to the other party in conformity with this Clause.").) At bottom, there is no evidence that Petitioner attempted to send the initial hearing notice consistent with the parties' contract-specified methods. *See Tianjin Port Free Trade Zone Int'l Trade Serv. Co.*, 2018 WL 2436990, at *4. Petitioner's improper notice is compounded by the fact that the delivery receipt from DHL lists the delivery address as "Suite 450 1700 Rockville Pike" rather than "One Research Court, Suite 450,"—the address Petitioner represents it intended to send the notice. (*Compare* ECF No. 19-27 ¶ 3, *with* ECF No. 19-27 at 4.)

Furthermore, in *Jones v. Flowers*, a case on which both parties rely, (ECF No. 19 at 37-40; ECF No. 25 at 23, 30-32), the Supreme Court held that when a party becomes aware that its attempt at notice has failed, due process requires that a party to do "a bit more" to attempt to notify the other party.[8] 547 U.S. at 239. Because due process requires notice, a mere gesture is insufficient. *See id.* at 229. Instead, the noticing party must employ methods or means of providing notice that a person "desirous of actually informing" the person to be notified would reasonably employ. *See id.* In *Jones*, the court explained that when a sender is notified that delivery has failed, their "[f]ailure to follow up would be unreasonable, despite the fact that the letters were reasonably

---

[8] The Court notes that *Jones* specifically considered notice given by the government in the context of a government taking and tax sale of real property. 547 U.S. at 226-27. However, this Court agrees with others that have applied the due process principles espoused in *Jones* to other factual contexts. *See, e.g.*, *Caplash v. Nielsen*, 294 F. Supp. 3d 123, 132 (W.D.N.Y. 2018) ("Although the *Jones* case involved a tax sale of real property, the relevant legal doctrine arising from that decision is soundly grounded in due process principles." (collecting cases)); *Huzhou Chuangtai Rongyuan Inv. Mgmt. P'ship v. Qin*, Civ. No. 21-9221, 2023 WL 2734433, at *3 (S.D.N.Y. Mar. 31, 2023), *aff'd*, Civ. No. 23-0747, 2024 WL 1193065 (2d Cir. Mar. 20, 2024) (citing *Jones* when assessing whether the petitioners, private companies, satisfied the "American standard of due process" under the New York Convention).

calculated to reach their intended recipients" when initially sent. *Id.* The *Jones* court specified that the noticing party was not required to search for the noticee's new address in the phonebook or other government records, but did need to attempt reasonable follow-up, which could mean resending a notice by regular mail if certified mail failed. *Id.* at 234-36. However, in cases specifically evaluating notice under Article V(1)(b), courts have found proper notice when initial notice attempts failed, where the petitioner provided an alternate address for the respondent to which the notices were sent successfully. *See, e.g.*, *Tianjin Port Free Trade Zone Int'l Trade Serv. Co.*, 2018 WL 2436990, at *4. This Court agrees with others that have explained:

> [W]hile mailing notice to an address listed in the parties' underlying agreement typically satisfies due process, *once it became clear that the mailing was not delivered, [the noticing party] had an obligation to "tak[e] additional reasonable steps to notify [the noticee] . . . if practicable to do so*," such as sending the mailing again by a different delivery method. In line with this obligation, [the noticing party] took additional, reasonable steps "with due regard for the practicalities and peculiarities of the case[.]" . . . [The noticee's] Article V(1)(b) challenge fails not because any one attempted mailing is constitutionally sufficient, but because [the noticing party's] mailing to the address listed in the parties' contract, followed by its mailings to two additional, known addresses meets the relatively low burden imposed by due process.

*Huzhou Chuangtai Rongyuan Inv. Mgmt. P'ship v. Qin*, Civ. No. 21-9221, 2023 WL 2734433, at *4-5 (S.D.N.Y. Mar. 31, 2023), *aff'd,* Civ. No. 23-0747, 2024 WL 1193065 (2d Cir. Mar. 20, 2024) (emphasis added). By contrast, after Petitioner here was notified that delivery of the notice failed—a delivery which was already deficient as it was not sent to a location recognized by the parties' agreements—Petitioner took no further step before the arbitration commenced besides requesting that the failed notice be destroyed. Accordingly, Petitioner failed to satisfy its due process obligations and notice of the initiation of arbitration was improper.

### B. Notice of Evidentiary Hearing

After the arbitration began, Petitioner contends that it sent multiple notices of the evidentiary hearing to Respondent. (ECF No. 25 at 27-28.) The first is a notice dated December 14, 2022, on which there is no street address listed for Respondent. (ECF No. 19 at 24; ECF No. 19-29 (December 2022 Notice).) While Respondent asserts that no attempt at delivery of this notice was made, (ECF No. 19 at 24), Petitioner provides a declaration asserting that service of this notice was attempted on January 10, 2023, to the street address "One Research Court, Suite 450 or 370" in Rockville, Maryland with specific instructions to DHL to attempt delivery on both suites 370 and 450, (ECF No. 25-2 ¶¶ 3-4). However, Petitioner also concedes that "DHL was not able to confirm delivery at either suite." (*Id.* ¶ 6.) Another notice, dated January 25, 2023, lists Respondent's Rockville, Maryland address as "Suite 370 and/or 450." (ECF No. 19 at 25; ECF No. 19-31 at 3 (January 2023 Notice).) It is undisputed that on February 10, 2023, this notice was sent through FedEx to this "Suite 370 and/or 450" address as well as to another purported address for Respondent in Johannesburg, South Africa. (ECF No. 19-32 at 2-3; ECF No. 25 at 19.) However, Petitioner's employee was notified by FedEx that it "fail[ed] to deliver the Notice and the documentation mainly because at both addresses, the actual offices of [Respondent] could not be located at the given addresses or were no longer there." (ECF No. 19-32 ¶ 5; ECF No. 25 at 19-20.) FedEx never delivered the notices, and Petitioner's employee affirmed that they "verily believed that either the company had folded or is no longer operating from the said addresses." (ECF No. 19-32 ¶¶ 5-6; *see also* ECF No. 25 at 20.)

While these notices were addressed to Suite 370 as recognized in the parties' agreements, those deliveries also failed. Petitioner's failure to take *any* steps after receiving notice of that failure does not comport with the requirements of due process. *Jones*, 547 U.S. at 226-34. While the Court does not determine exactly what additional efforts Petitioner needed to make after its

delivery attempts to Respondent failed, the caselaw is clear that Petitioner was required to undertake *some* additional efforts to provide Respondent with proper notice such as mailing the notice again by a different delivery method. Petitioner could have sent the notice by regular mail, which would account for any forwarding address provided by Respondent. *Id.* at 234-35 (noting that one reasonable step to provide notice is to resend the notice by regular mail as "certified mail might make actual notice less likely in some cases—the letter cannot be left like regular mail to be examined at the end of the day, and it can only be retrieved from the post office for a specified period of time."); *see also Tianjin Port Free Trade Zone Int'l Trade Serv. Co.*, 2018 WL 2436990, at *4 (determining notice was proper under Article V(1)(b) when the petitioner, after documents sent pursuant to the parties' contract were returned, sent the notice of arbitration to an address listed with the New York Secretary of State for the respondent and the documents sent to that second address were not returned to sender); *Huzhou Chuangtai Rongyuan Inv. Mgmt. P'ship*, 2023 WL 2734433, at *2, *4-5 (holding that notice was proper under Article V(1)(b) when, after mailing to an address listed in the parties' agreement and the notice was returned as undeliverable, the petitioners sent the notice to two alternative addresses, one of which was successful).

Petitioner alleges that its employee attempted to call Respondent to give notice of the evidentiary hearing at "known numbers," but one telephone number was no longer operational and no one answered a call to the other number. (ECF No. 19-32 ¶ 7; ECF No. 25 at 20.) Petitioner never specifies what phone numbers it called, or the relationship of these phone numbers to Respondent. (*Compare* ECF No. 25-27 ¶ 7 (Petitioner's employee affirming they made calls to "known numbers" for Respondent), *with* ECF No. 2 at 21 (MSA attachment listing telephone and fax numbers), *and* ECF No. 2-4 at 18 (2018 agreement listing "hotline" phone number and phone

number for Director of Operations).) The Court does not find these attempts to call Petitioner at some "known numbers" satisfies the reasonable steps that are required to provide proper notice.

**C. Notice of Appointment to Assess Costs**

After the arbitrator found Respondent liable, Petitioner also attempted to transmit a "Notice of Appointment to Assess Costs" to Respondent. The notice was dated August 8, 2023 and listed Respondent's Rockville, Maryland address again as "1 Research Court, Suite 370 and/or 450." (ECF No. 19-35 at 2.) Petitioner's employee affirmed via affidavit that notice was sent through FedEx to this address on August 9, 2023, but again FedEx stated that they failed to deliver to this address. (ECF No. 19-34 at 2-3; ECF No. 25 at 20.) This notice suffers from the same defect and cannot constitute proper notice. Petitioner also alleges that it attempted to call Respondent again regarding the Notice of Appointment to Assess Costs but those attempts failed like the prior calls. (ECF No. 19-34 ¶ 6; ECF No. 25 at 20.)

Petitioner makes much of Respondent's alleged failure to provide Petitioner with an updated address, which contravened a contractual requirement to do so. (*See* ECF No. 25 at 28-29; 37-38.) However, "*Jones* explicitly determined that even though the [recipient] failed to adhere to *his statutory* obligation to maintain an updated address, this did not absolve the [sender] *of its constitutional* duty to render sufficient notice." *Caplash*, 294 F. Supp. 3d at 132 (emphasis in original). The Court finds Respondent's contractual failure to provide an updated address does not mitigate Petitioner's failure to give "proper notice" comporting with the due process that the Convention requires.

Respondent highlights that "[o]nce the arbitration was over and it was time to collect on the two default awards worth $8.6 million, [Petitioner] knew exactly how to find and serve [Respondent]." (ECF No. 19 at 40.) It appears that service in this case was accomplished via a registered agent. (ECF No. 6 (confirming summons was served on "Lisa Constant, Service of

Process Specialist for Corporation Service Company, who is designated by law to accept service of process on behalf of [Respondent]").) The Court finds the United States Court of Appeals for the Tenth Circuit's decision in *CEEG (Shanghai) Solar Science & Technology Co. v. Lumos LLC*, 829 F.3d 1201 (10th Cir. 2016) instructive on this point. There, the court held that a when a petitioner "demonstrate[s] the ease with which it could have sent [proper] notice," prior notice failing to comply with those conditions is improper. *Id.* at 1207. In *CEEG*, the petitioner delivered notice to the respondent in Chinese, which the court concluded was not proper notice as "[a]ll previous communications between [the petitioner] and [the respondent] had been in English, the [c]ontract reinforced that English would govern the relationship by requiring that the English language version of the [c]ontract would control, and the [a]greement memorialized the parties' understanding that all interactions and dispute resolution proceedings would be in English." *Id.* Petitioner argues this case is distinguishable because notice through Bennett was in accord with, not in contrast to, the parties' prior conduct. (ECF No. 25 at 32-33.) This argument is unpersuasive, as "prior conduct" of communicating through Bennett was not consistent with the notice required in the parties' agreements and ignores Petitioner's obligation to do "a bit more" to comply with due process when informed that its attempts at notice failed. Based on the record, the Court holds that Respondent was not given proper notice of the arbitration proceedings pursuant to Article V(1)(b).[9]

---

[9] Petitioner also argues that notice was proper because the arbitrator's findings are entitled to substantial deference, and the arbitrator found Petitioner "complied with the contractually agreed process for delivering notices." (ECF No. 25 at 33-35 (quoting ECF No. 1-10 at 3 (Damages Award)).) However, this Court agrees with others that have rejected such arguments and held that "while the court may not review the merits of the underlying arbitration decision, the [c]ourt must decide whether a party has established a defense under the Convention.' Adequacy of notice is one of those defenses." *Zhuhai Dingfu Phase I Indus. Energy Conservation Inv. Fund, LP v. Zhang*, Civ. No. 23-02059, 2025 WL 868523, at *6 (C.D. Cal. Jan. 21, 2025), *clarified on denial of reconsideration,* 2025 WL 2093414 (C.D. Cal. Apr. 25, 2025), *and appeal dismissed,*

Some courts also require that to succeed on an Article V(1)(b) defense, the respondent must demonstrate that it was prejudiced by the deficient notice. *Calbex*, 90 F. Supp. 3d at 459; *see also CEEG*, 829 F.3d at 1207 (enforcing prejudice requirement after "assum[ing] without deciding that a party opposing confirmation of an arbitral award under the New York Convention must demonstrate prejudice in order for a defense to apply"). Even assuming that this element is required, the Court finds that Respondent has demonstrated prejudice as a result of the insufficient notice. Respondent did not agree upon an arbitrator or appear in the arbitration, and as such it did not present its case or have an opportunity to challenge Petitioner's case. (ECF No. 1 ¶¶ 23-24, 28, 30-31.) *See In re Smith*, 866 F.2d 576, 585 (3d Cir. 1989) (holding that where notice fails to comply with due process requirements, "even where the defendant does not have a meritorious defense, the defendant suffers harm from the mere failure to receive notice"). Because "[d]ue process is concerned only with whether there was notice reasonably calculated to permit [the r]espondent to present his objections," and here Petitioner did not give notice reasonably calculated to permit Respondent to do so, Respondent has met its burden that the defense under Article V(1)(b) of the New York Convention applies. *Huzhou Chuangtai Rongyuan Inv. Mgmt. P'ship*, 2023 WL 2734433, at *6. As such, the Court declines to enforce the Award. *Id.*; *see also CEEG*, 829 F.3d at 1208 (finding the respondent met "heavy burden of demonstrating that insufficient notice caused prejudice by rendering [the respondent] unable to participate in appointing the arbitration panel, rendering the remaining proceedings invalid under the New York Convention").

---

Civ. No. 25-3170, 2026 WL 1379573 (9th Cir. Jan. 12, 2026) (citation modified).; *see also Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d 274, 298 (5th Cir. 2004) (citation modified) ("Article V(1)(b) essentially sanctions the application of the forum state's standards of due process, in this case, United States standards of due process.").

## IV. CONCLUSION

For the foregoing reasons, and other good cause shown, the Petition (ECF No. 1) is **DENIED**. An appropriate Order follows.

Dated: October 21, 2026

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE